UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-07 ML

CHUONG V. NGUYEN :

MOTION IN LIMINE

NOW comes the defendant, Chuong V. Nguyen, and moves, in limine, to exclude any evidence relating to gambling. The defendant submits that evidence that he gambled is highly prejudicial and only minimally probative of any contested issues.

CHUONG V. NGUYEN,
By his attorney,

EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Dulce Donovan, AUSA on the 31st day of May, 2006.

______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-07 ML

CHUONG V. NGUYEN :

MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

The defendant, Chuong V. Nguyen, has moved, in limine, to exclude any evidence relating to gambling. The defendant submits that evidence that he gambled is highly prejudicial and only minimally probative of any contested issues.

I. Source Of Evidence Of Gambling

In discovery, the government submitted to the defendant copies of reports of Internal Revenue Services agents of interviews of the defendant. These reports contain statements of the defendant, as recounted by I.R.S. agents, that he had gambled. In addition, the government has recently provided the defendant with a copy of certain records obtained from Foxwoods Casino which purport to relate to the defendant.

II. Prejudicial Nature Of Evidence

In this case, which charges a violation of 26 U.S.C. § 7202, the government

must show that the defendant acted willfully in failing to "collect, truthfully account for and pay over federal income taxes and Federal Insurance Contribution Act taxes. " See Indictment. Presumably, the government hopes to show that the defendant acted willfully in not discharging his responsibilities by gambling. The fact of gambling is in no way relevant to the defendant's obligation to collect or account for any taxes.

III. Fed. R. Evid. 403

Rule 403 of the Federal Rules of Evidence allows the Court to exclude any relevant evidence where the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...."

In this case, the fact that the gambling evidence would only be relevant to one of three acts which must be shown to have been committed willfully by the defendant creates the likelihood of prejudice and confusion. A curative instruction would be unlikely to erase the prejudice.

Respectfully, the defendant moves that this Honorable Court direct that the government may not produce evidence of the defendant's gambling in its case in chief.

CHUONG V. NGUYEN,
By his attorney,

EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Dulce Donovan, AUSA on the 31st day of May, 2006.