**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CR. No. 06-07ML** |
| **v.** | ) | |
| | ) | **In violation of Title** |
| | ) | **26, United States Code,** |
| **CHUONG V. NGUYEN** | ) | **Section 7202.** |

**UNITED STATES' OBJECTION TO DEFENDANT'S MOTION**
**IN LIMINE TO EXCLUDE EVIDENCE OF GAMBLING**

Defendant Chuong V. Nguyen has moved to exclude any evidence relating to his gambling. For the reasons stated in the accompanying memorandum of law, the United States objects to Defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: 6-6-06

DULCE DONOVAN
Assistant U.S. Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 06-070ML |
| | ) | |
| CHUONG V. NGUYEN | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2006, I hand-delivered a true copy of the within United States Objection to Defendant's Motion In Limine to Exclude Evidence of Gambling to:

Edward C. Roy, Asst. Federal Public Defender
Federal Public Defender's Office
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CR. No. 06-07ML** |
| **v.** | ) | |
| | ) | **In violation of Title** |
| | ) | **26, United States Code,** |
| **CHUONG V. NGUYEN** | ) | **Section 7202.** |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF GAMBLING**

## I. Introduction

The defendant Chuong V. Nguyen is charged with fourteen counts of willfully failing to account for, collect, and pay over to the Internal Revenue Service federal income and other taxes due and owing to the United States under 26 U.S.C. § 7202. He has moved to prohibit the United States from introducing any evidence relating to his gambling throughout the relevant time periods charged in the Indictment. Because evidence relating to defendant's gambling is relevant to whether he willfully failed to account for, collect and pay over federal income taxes and Federal Insurance Act Contribution Act (FICA) taxes, his motion should be denied.

## II. Argument

### A. Elements of 26 U.S.C. § 7202

Section 7202 of Title 26 of the United States Code provides, in pertinent part, that:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall . . . be guilty of a felony . . . .

26 U.S.C.A. § 7202. In order to convict defendant of a violation § 7202, the United States must demonstrate the following: (1) that the defendant had a duty to collect, truthfully account for,

and/or pay over a tax; (2) the defendant failed to collect, truthfully account, and/or pay over this tax; and (3) the defendant acted willfully. See United States v. Gilbert, 266 F.3d 1180, 1183-85 (9th Cir. 2001);

United States v. Thayer, 201 F.3d 214, 219-21 (3d Cir. 1999); United States v. Evangelista, 122 F.3d 112, 120-22 (2nd Cir. 1997). The United States can convict the defendant if he was responsible for performing any one of the three duties imposed under the law and if he willfully failed to perform any one of those duties, i.e., failing to account for, or collect, or pay over federal withholding taxes. Gilbert, 266 F.3d at 1185; Thayer, 201 F.3d at 220; Evangelista, 122 F.3d at 120-22.

To act "willfully" means to violate voluntarily and intentionally a known legal duty, not to act as a result of accident or negligence. Willfulness, in the context of a failure to file a federal tax return means a voluntary, intentional violation of a known legal duty to make and file a return. Cheek v. United States, 498 U.S. 192, 201-202 (1991); United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995).

The evidence at trial will demonstrate that from approximately 1996 until 2002 the defendant ran a temporary employment agency. Nguyen charged his client companies between $7.00 to $9.00 per hour per employee, paid his workers between $5.00 and $6.00 per hour, and kept the difference for himself. Instead of reporting his employees' earnings to the IRS, collecting and paying over income and FICA taxes, Nguyen has informed IRS special agents that he used the difference to support himself and gamble. In approximately the year 2000, Nguyen informed agents that he gambled approximately $500 per day.

Nguyen's gambling, in fact any evidence of how he spent the money he retained for

himself from his employees' earnings, is relevant to whether he willfully, i.e. voluntarily and intentionally violated his duties to account for, collect and/oror pay over federal income and FICA taxes. Indeed, courts have held that the mere act of paying wages to one's employees, instead of paying withholding taxes to the IRS, is relevant to the issue of whether a defendant voluntarily and intentionally violated § 7202. See Gilbert, 266 F.3d at 1185; United States v. Bailey, 789 F. Supp. 788, 814 (N.D. Tex. 1992) (evidence that defendant paid wages to his employees "compels a finding" that he violated 26 U.S.C. § 7202). Courts have also upheld as proper the admission of evidence concerning a defendant's "luxury" expenditures during the tax years in questions as being relevant to wether the defendant willfully failed to pay federal income taxes. United States v. Tucker, 686 F.2d 230, 233 (5th Cir. 1982) (expenditures for trips, jewelry, boat, new car, dues and exclusive clubs and payments to girlfriend relevant to whether defendant willfully failed to pay income taxes under 26 U.S.C. § 7203). See also United States v. Ausmus, 774 F.2d 722, 725 (6th Cir. 1985) (evidence that defendant spent money on entertainment, new clothes and support for fiancee relevant to willfulness element under § 7203).[1] All of defendant's expenditures, including his gambling, are relevant to one of the elements the United States must prove in order to convict him and should be admitted.

Moreover, over the course of the proceedings in this case, defendant has indicated that one of his theories of defense is that he could not have willfully failed to collect and pay over federal withholding taxes because he did not possess sufficient funds to do so. Evidence of

---

[1] Both Tucker and Ausmus were cases in which the defendants were charged pursuant to 26 U.S.C. § 7203 which makes it a crime to willfully fail to pay federal income taxes. The definition of willfulness under §§ 7202 and 7203 is the same, and thus, the courts' reasoning in those cases is applicable to the case at bar.

defendant's expenditures for personal living expenses and gambling negates this theory of defense. See United States v. Evangelista, 122 F.3d 112, 119 (2d Cir. 1997) (district court properly refused to instruct jury that government must prove that taxpayer had sufficient funds to meet tax obligation or that lack of sufficient funds was result of taxpayer's voluntary or intentional act without justification where evidence showed defendants spent funds on mortgage payments, college tuition, children's weddings and luxury car rental). Furthermore, to the extent that defendant was a successful gambler, the fact that he may have had certain earnings which he did not use to satisfy his tax obligations, also indicates that he failed to collect and pay over taxes willfully, i.e. intentionally and voluntarily. Accordingly, defendant's motion in limine should be denied.

## III. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court deny defendant's motion in limine to exclude evidence of his gambling.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: 6-6-06

DULCE DONOVAN
Assistant U.S. Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 06-070ML |
| | ) | |
| CHUONG V. NGUYEN | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2006, I hand-delivered a true copy of the within united States' Memorandum in Support of Its Objection to Defendant's Motion In Limine to Exclude Evidence of Gambling:

Edward C. Roy, Asst. Federal Public Defender
Federal Public Defender's Office
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903.