**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CR. No. 06-07ML** |
| **v.** | ) | |
| | ) | **In violation of Title** |
| | ) | **26, United States Code,** |
| **CHUONG V. NGUYEN** | ) | **Section 7202.** |

**UNITED STATES' OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNPAID TAXES IN YEARS NOT CHARGED IN THE INDICTMENT**

Defendant Chuong V. Nguyen has moved to exclude any evidence relating to his failure to account for, collect and pay over federal withholding taxes in years not charged in the Indictment. For the reasons stated in the accompanying memorandum of law, the United States objects to Defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: 6-6-06

DULCE DONOVAN
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) CR. No. 06-070ML
)
CHUONG V. NGUYEN )

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2006, I hand-delivered a true copy of the within United States' Objection to Defendant's Motion In Limine to Exclude Evidence of Unpaid Taxes in Years Not Charged in the Indictment to:

Edward C. Roy, Asst. Federal Public Defender
Federal Public Defender's Office
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CR. No. 06-07ML** |
| **v.** | ) | |
| | ) | **In violation of Title** |
| | ) | **26, United States Code,** |
| **CHUONG V. NGUYEN** | ) | **Section 7202.** |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNPAID TAXES IN YEARS NOT CHARGED IN THE INDICTMENT**

## I. Introduction

The defendant Chuong V. Nguyen is charged with fourteen counts of willfully failing to account for, collect, and pay over to the Internal Revenue Service federal income and other taxes due and owing to the United States under 26 U.S.C. § 7202. He has moved to prohibit the United States from introducing any evidence relating to his failure to account for, collect, and pay over federal withholding taxes in years not charged in the Indictment. Because evidence relating to defendant's failure to account for, collect, and pay over federal withholding taxes in years not charged in the Indictment illustrates a pattern, plan, and scheme indicating that his failure to account for, collect, and pay over withholding taxes in the charged years, his motion should be denied.

## II. Argument

### A. Elements of 26 U.S.C. § 7202

Section 7202 of Title 26 of the United States Code provides, in pertinent part, that:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall . . . be guilty of a felony . . . .

26 U.S.C.A. § 7202. In order to convict defendant of a violation § 7202, the United States must demonstrate the following: (1) that the defendant had a duty to collect, truthfully account for, and/or pay over a tax; (2) the defendant failed to collect, truthfully account, and/or pay over this tax; and (3) the defendant acted willfully. See United States v. Gilbert, 266 F.3d 1180, 1183-85 (9th Cir. 2001); United States v. Thayer, 201 F.3d 214, 219-21 (3d Cir. 1999); United States v. Evangelista, 122 F.3d 112, 120-22 (2nd Cir. 1997). The United States can convict the defendant if he was responsible for performing any one of the three duties imposed under the law and if he willfully failed to perform any one of those duties, i.e., failing to account for, or collect, or pay over federal withholding taxes. Gilbert, 266 F.3d at 1185; Thayer, 201 F.3d at 220; Evangelista, 122 F.3d at 120-22.

To act "willfully" means to violate voluntarily and intentionally a known legal duty, not to act as a result of accident or negligence. Willfulness, in the context of a failure to file a federal tax return means a voluntary, intentional violation of a known legal duty to make and file a return. Cheek v. United States, 498 U.S. 192, 201-202 (1991); United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995).

**B. Anticipated Trial Evidence**

The evidence at trial will demonstrate that from approximately 1996 until 2002 the defendant ran a temporary employment agency. Nguyen charged his client companies between $7.00 to $9.00 per hour per employee, paid his workers between $5.00 and $6.00 per hour, and kept the difference for himself. Instead of reporting his employees' earnings to the IRS, collecting and paying over federal income and FICA taxes, Nguyen has informed IRS special agents that he used the difference to support himself and gamble.

The Indictment charges Nguyen with failing to account for, collect, and pay over federal withholding taxes for the last three quarter in 1999, all of 2000 and 2001, and the first three quarters in 2002. Although not charged in the Indictment, the United States intends at trial to introduce evidence of the fact that the defendant did not account for, collect, and pay over federal withholding taxes for the entire time he ran his temporary employment business. This includes the years 1996, 1997, all of 1998, and the first quarter of 1999. The evidence will include a calculation of the amount of taxes due and owing for 1998 and the first quarter of 1999. The testimony as to the earlier years will consist solely of testimony that the defendant did not account for, collect, and pay over taxes, without specifying an amount due and owing. In addition, the United States intends to introduce testimony that the defendant has not filed a personal income tax return since 1996.

**C. Evidence of Defendant's Failure to Pay Taxes for Years Not Charged in the Indictment Illustrates that his Failure to Pay Taxes Was Part of a Pattern, Plan, and Scheme and Not the Result of Accident, Negligence or Inadvertence**

As this Court is aware, evidence of other crimes or wrongs is not admissible in order to demonstrate actions in conformity therewith. However, Rule 404(b) of the Federal Rules of Evidence permits the introduction of other "crimes, wrongs, or acts" in order to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or accident . . . ." Fed. R. Ev. R. 404(b). In order to convict the defendant of violating § 7202, the United States must demonstrate that he willfully failed to account for, collect, and pay over federal withholding taxes, i.e. that he voluntarily and intentionally ignored a known legal duty to pay taxes and that his failure to do so was not the result of mistake or inadvertence. Evidence that the defendant

**never** accounted for, collected, or paid over federal withholding taxes for the years he ran his temporary employment business demonstrates that his failure to do so in the charged years was part of a pattern, plan and scheme not do so that and not the result of accident or mistake. This is exactly the context in which Rule 404(b) evidence is admissible. The two-part test concerning whether Rule 404(b) evidence is admissible is to determine first whether the evidence has some "special relevance" other than merely to show character or propensity. See United States v. DeCicco, 439 F.3d 36, 50 (!st Cir. 2006). Next, even if the evidence has some special relevance, the evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Evidence of defendant's failure to account for, collect, and pay over federal withholding taxes in uncharged tax years is not excludable under because the evidence will be introduced for the limited purpose of showing a pattern, plan and scheme and the jury will be so instructed. The danger of unfair prejudice, especially in light of the charges in the Indictment, is minimal. Indeed, the Sixth, Seventh, and Eighth Circuits have held that failure to pay taxes in uncharged years immediately prior to and following years charged in an indictment is admissible 404(b) evidence. See United States v. Ausmus, 774 F.2d 722, 728 (6th Cir. 1985); United States v. Bowman, 602 F.2d 160163-64 (8th Cir. 1979); United States v. Farris, 517 F.2d 226, 229 (7th Cir. 1975). Accordingly, defendant's motion in limine should be denied.

Furthermore, the United States also intends to introduce evidence of the defendant's failure to file personal income tax returns for the years 1997 up to the present time. This evidence also has special relevance to the charges in the Indictment because it again shows that defendant's failure to account for, collect, and pay over federal withholding taxes was part of a plan, pattern and scheme not to pay taxes and not the result of mistake and inadvertence. The

fact that defendant failed to report his own income for the years he operated his business, and thus did not have to account for the source of his funds, was part of his overall plan and scheme to avoid paying federal withholding taxes for his business.[1] Accordingly, defendant's motion in limine should be denied.

## III. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court deny defendant's motion in limine to exclude evidence of his failure to account for, collect, and pay over federal withholding taxes in years not charged in the Indictment and his failure to file personal income tax returns.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: 6-6-06

DULCE DONOVAN
Assistant U.S. Attorney

[1] The United States notes that although Rule 404(b) requires the United States to provide the defendant with reasonable notice of 404(b) evidence it intends to introduce at trial upon request of the accused. To date, undersigned counsel has received no such request from defense counsel.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 06-070ML |
| | ) | |
| CHUONG V. NGUYEN | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2006, I hand-delivered a true copy of the within United States' Memorandum in Support of Its Objection to Defendant's Motion In Limine to Exclude Evidence of Unpaid Taxes in Years Not Charged in the Indictment to:

Edward C. Roy, Asst. Federal Public Defender
Federal Public Defender's Office
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903.