UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-07 ML

CHUONG NGUYEN :

DEFENDANT'S SENTENCING MEMORANDUM

Pursuant to 18 U.S.C. § 3553(a), the defendant submits to the Court this Sentencing Memorandum.

1. Defendant's History And Characteristics

Under 18 U.S.C. § 3553(a), the Court may look to the defendant's "history and characteristics" in determining what sentence to impose. In this case, the defendant has a history of mental illness, documented in the attached report of Marilyn Price, M.D.. The report is attached hereto and incorporated by reference.

The report details a complete history of Mr. Nguyen's life up to the present time. The diagnoses contained in Dr. Price's report, Pathological Gambling, Posttraumatic Stress Disorder and Major Depressive Disorder, explain, but do not excuse, the defendant's actions in handling his temporary employment business in a way that resulted in his being indicted and convicted for failing to account for, withhold and pay over taxes to the federal government.

Also relevant to the Court's assessment of Mr. Chuong is his relative lack of education and complete lack of formal business training. Even if Mr. Chuong did not have the psychiatric issues outlined in Dr. Price's report, the business would have been likely to fail where the chief executive officer had no formal business training. That fact certainly does not excuse Mr. Chuong's responsibility for the crime to which he pled guilty. His educational deficits and lack of business acumen are relevant toward sentencing.

The defendant will very likely never be in a position to commit similar crimes in the future. It is very doubtful that the defendant will have another business that would be required to account, collect and pay over taxes. The length of the defendant's jail sentence then has little or no impact on deterrence. Other than the instant case, the defendant, despite being in the United States for many years, has no criminal history. Other than the events contained in the indictment, the defendant has no history of any dishonesty.

II. Nature Of The Offense

The offense, while nonviolent, is clearly very serious due both to the nature of the offense, depriving the government of money, and the amount involved, over $600,000 in tax loss.

III. Need To Protect The Public

In this case, given the defendant's lack of a criminal record and in light of the non-violent nature of the offense, there is little need to protect the public from the defendant by imposition of a longer jail sentence.

IV. Need To Provide Educational, Vocational Training And Medical Care

This defendant does have a significant need for educational and vocational training as well as medical and psychiatric needs. While these needs can certainly be addressed in a prison setting, there is no requirement that the defendant receive educational and vocational services exclusively in a prison setting. Obviously, he can be schooled and taught a trade as part of a non-jail sentence, or as a part of his supervised release.

V. Defense Counsel Sentencing Recommendation

Based on the foregoing, defense counsel would respectfully urge the Court to impose a sentence of six (6) months incarceration, followed by six (6) months of home confinement, with three years of supervised release, with a condition being psychiatric treatment.

Respectfully submitted,

Edward C. Roy, Jr., Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 -4281
Fax: ( 401 ) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Dulce Donovan, AUSA and to Dennis Jenkins, SUSPO on the 19th day of September, 2006.

______________________________