Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT

Please use FIND to look at the applicable circuit court rule before citing this opinion. First Circuit Rule 36(b). (FIND CTA1 Rule 36.)

United States Court of Appeals,
First Circuit.
UNITED STATES of America, Appellee,
v.
Raheem JONES, Defendant, Appellant.
No. 05-2432.

Sept. 19, 2006.

Appeal from the United States District Court District of Massachusetts, F. Dennis Saylor, IV, U.S. District Judge.

Stephen J. Weymouth, on brief for defendant, appellant.

Paul G. Casey, Assistant United States Attorney, and Michael J. Sullivan, United States Attorney, on brief for appellee.

Before TORRUELLA, LYNCH, and HOWARD, Circuit Judges.

PER CURIAM.

*1 Raheem Jones, who pled guilty to five counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), challenges his within-guideline sentence on several grounds. His primary set of objections focuses on the district court's finding that the substance involved was "crack" cocaine as opposed to some other form of cocaine base. In addition, he argues that the resulting 108-month sentence was unreasonable because the sentencing court relied too heavily on the advisory guidelines and failed to apply the factors set forth in 18 U.S.C. § 3553(a), particularly the "parsimony" principle, to his individual circumstances. After careful review of the record, we conclude for the reasons detailed below that the district court's factual findings are amply supported by the record, that the court adequately explained its reasons for imposing the sentence, and that the resulting sentence is not unreasonably high under the circumstances of this case viewed through the lens of the statutory factors.

Jones's main argument is that the district court erred in finding that the substance involved was crack cocaine as opposed to some other form of cocaine base. This distinction matters because, under the guidelines, a higher base offense level applies to crack than to other forms of cocaine, including other forms of cocaine base. *See* USSG § 2D1.1(c), n. D; *United States v. Brown,* 450 F.3d 76, 80 (1st Cir.2006). Specifically, in this case, the crack finding resulted in a guideline sentencing range of 108 to 135 months rather than the range of 18 to 24 months that would apply if the substance were some other form of cocaine base.

"When the nature of an illicit substance is material at sentencing, the government has the burden to prove the substance's identity by a preponderance of the evidence." *United States v. Dwayne Anderson,* [FN1] 452 F.3d 66, 83-84 (1st Cir.2006). That burden remains unchanged after *United States v. Booker,* 543 U.S. 220 (2005)." *Paul Anderson,* 452 F.3d at 92 n. 3. Jones's argument for a burden of proof beyond a reasonable doubt is therefore "a non-starter." *Id.* " 'Whether a particular substance is crack or cocaine for purposes of the sentencing guidelines is a question of fact to be determined by the [sentencing] court,' " *Dwayne Anderson,* 452 F.3d at 83 (quoting *United States v. Robinson,* 144 F.3d 104, 109 (1st Cir.1998)), whose fact-finding must be accepted unless it is clearly erroneous, *id.; see also United States v. Robinson,* 433 F.3d 31, 38 (1st Cir.2005) (concluding that standard of appellate review of district court fact-finding is unchanged by *Booker* ).

FN1. We include the defendant's given name to distinguish this case from *United States v. Paul Anderson,* 452 F.3d 87 (1st Cir.2006), cited below, which appears in the same volume of F.3d.

Under those standards, the district court's finding that the substance at issue here was crack readily survives appellate review. The court based its finding on the affidavits (and attached laboratory reports and transcripts of grand-jury testimony and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(EXHIBIT 1)

of a tape-recording of one of the transactions) of three highly experienced law enforcement officials, including a forensic chemist and special agent of the Drug Enforcement Administration and a local police officer who was a member of a joint federal/local drug task force. Based on that uncontradicted evidence, the court concluded that the substance involved in all five transactions was, in fact, cocaine, based on its off-white and rocklike appearance, the terminology used by the parties to the transactions, the price, and the possible presence of sodium bicarbonate in at least two of the samples. We have repeatedly found that quantum and quality of evidence to be sufficient, particularly in the absence of any evidence to the contrary. *See, e.g., Dwayne Anderson,* 452 F.3d at 84-85; *Brown,* 450 F.3d at 80-81; *Robinson,* 144 F.3d at 109.

*2 The fact that no evidence of sodium bicarbonate was found in three of the samples is inconsequential. As explained by the forensic chemist, "evidence of sodium bicarbonate is often not found in crack cocaine because it dissipates through the manufacturing process." Nor are we bothered by the absence of any evidence as to the price and physical appearance of other forms of cocaine base. As we previously recognized, "crack is ... *uniquely* identified by its 'rock-like' texture and yellowish or off-white color." *Dwayne Anderson,* 452 F.3d at 80-81 (emphasis added). Where, as here, adequate proof is presented that a substance is crack cocaine, we have never required the government to rule out other forms of cocaine base. Accordingly, we discern no clear error in the district court's determination that the substance at issue in this case was crack.

Based on that determination, the district court correctly calculated Jones's guideline sentencing range to be 108 to 135 months and--after expressly considering each of the mitigating factors proffered by Jones--adopted the government's recommendation to sentence him at the low end of that range rather than depart downward under the guidelines or impose a non-guidelines sentence under *Booker.* Specifically, the court found no evidence that Jones's diminished mental capacity (mild mental retardation and polysubstance disorder) contributed substantially to his commission of the instant offenses and found his criminal history category to adequately reflect the seriousness of his criminal record, particularly given the temporal proximity of the instant offense to his most recent prior offense and incarceration. The court also commented that drug offenses are not victimless crimes, noting that Jones's own mother died of a drug overdose, leaving him parentless in his infancy. The only factor that gave the court pause was Jones's poor upbringing, which the court characterized as "about as bad as one could possibly imagine." However, after "wrest[ling]" with that issue but finding "very little to be positive about on a going forward basis," the court decided "to follow the guidance of the Sentencing Guidelines and accept [the government's] recommendation to sentence on the low end [of the guidelines range]." The court addressed Jones's need for rehabilitation, resulting, in part, from his abusive and neglectful upbringing, by recommending that he be placed in a facility with an educational program "that can help him obtain the education and training that he did not receive as a child." The court advised the defendant to continue his education while in prison "so that when [he] come[s] out, ... [he] will be in a happier position then [he was] when [he] went in."

Jones faults the district court for relying too heavily on the guidelines, but the role played by the guidelines was not impermissible here. *See United States v. Jimenez-Beltre,* 440 F.3d 514, 518 (1st Cir.2006) (en banc). Having considered each of the mitigating factors Jones brought to the court's attention and having explained its reasons for the chosen sentence, the court was not further required to explain why a lighter sentence would not be "sufficient" under the prefatory language of 18 U.S.C. § 3553(a). *United States v. Navedo-Concepcion,* 450 F.3d 54, 58-59 (1st Cir.2006).

*3 Accordingly, the sentence is *affirmed. See* 1st Cir. R. 27(c).

Slip Copy, 2006 WL 2673296 (1st Cir.(Mass.))

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.